[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on June 23, 1985, in Redding, Connecticut. They have resided in this State since that date. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in §§ 46b-81, 46b-82 and 46b-62 of the Connecticut General Statutes CT Page 4829 in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 13 years, although they have been separated for the past 2 years, the husband having left the marital home in July 1995.
The wife is 39 years of age and in good health. She left college after completing 3 1/2 years. At the time of her marriage she was working in a museum in Ridgefield, Connecticut. After she lost her position at the museum, she returned to college, completed her education at Western Connecticut and obtained a BA degree. The plaintiff husband paid for his wife's education. The wife has had a variety of jobs during the marriage. She has been fired twice and laid off once. She became a realtor and sold real estate for approximately 2 years. She went to the University of Bridgeport to pursue a degree in interior design completing two years out of four. The husband paid for this education. The defendant wife also worked for a temp agency. Since December 1997 she has been employed as a secretary earning approximately $31,000 per year. In 1987, the wife was earning approximately $25,000 to $30,000 per year. The wife did not work between 1990 and 1993.
The wife has a Personal Injury case of some value. The figures varied from $15,000 to $75,000. She also has a stock portfolio which is listed as $10,000. on her financial affidavit. However, this portfolio may have a higher value based on todays market. The wife also has a 25% interest in commercial real estate valued at $80,000. During the pendency of this action, she forgave a $20,000 loan to her sister. The defendant comes from a well to do family. Her parents have been generous, assisting the couple in the purchase of their home, payment of debts, and advancing funds to the wife for a purchase of a motor vehicle ($15000.).
The defendant was a loyal, faithful and loving wife. She contributed moral support to the plaintiff while he completed his education. She kept an appropriate home and when she worked she contributed her income to the family unit. The defendant did not put her career on hold to accommodate her husband's furthering his education.
The plaintiff husband had a difficult childhood, involving painful issues. As an adult he moved to various places and held a variety of jobs. In 1984, he became employed with the Home Equity CT Page 4830 Company which provided relocation services. To the plaintiff's credit, he worked days and went to college nights to complete his college education. Thereafter, the plaintiff went to Law School nights, continuing to work during the day at Home Equity. The plaintiff's company paid for his Law School Education. The plaintiff had a base salary of $67,000 plus bonus at Home Equity. The maximum he ever earned there was approximately $140,000 to $150,000, which included bonuses. As counsel pointed out, in one year he received a windfall bonus of $75000 which was used for repairs, improvements and remodeling in connection with the parties marital home.
Plaintiff completed law school in May 1993 and thereafter became a member of the Connecticut Bar. At that time he took out $75,000 from his 401(k) plan and the parties lived on these funds during the plaintiff's transition from Home Equity to the legal field. The plaintiff obtained employment in the legal field in January 1994. His present income as of January 1, 1998 is $53,000 per year.
The plaintiff has written a screenplay but has been unsuccessful in obtaining any agent to produce it. The plaintiff feels it has no value and is defunct.
It apparently was not a happy marriage. Both parties testified as to arguments and yelling and then periods of silence and no communication. There were disputes over having children or adoption. The parties went to some counseling but to no avail. The wife alleged the husband was having an affair with his secretary with whom he has been living since January 1996. The plaintiff vacated the marital home in July 1995.
In the Spring of 1987 the parties purchased their marital home located at 16 Appleblossom Lane, Newtown, Connecticut for $200,000. The parties borrowed money from the defendant's parents and signed a note secured by a 2nd mortgage for $55000 which included the sum of $8,000 advanced to the parties for credit card debts. This mortgage was not recorded until July 1, 1991. The plaintiff contributed approximately $15,000 from his 401(k) plan plus some savings towards the purchase.
The wife claims the property has a fair market value of $180,000. On the husband's financial affidavit dated November 20, 1997, he indicated a fair market value of $188,000. The husband's current financial affidavit indicates a fair market value of CT Page 4831 $210,000.
Approximately one month prior to the parties separation in July 1995, the parties refinanced their mortgage, combined with a home equity loan. The plaintiff claims this refinancing reduced the parties debt and when he left the marital home the family was debt free except for the new mortgage. The plaintiff took no money away as a result of the financing. The present balance on the mortgage is approximately $168,000. At the time of the refinancing, the $55,000 2nd mortgage was released to accommodate the refinancing. After the refinancing, a dispute arose and a new note was never executed by the plaintiff. This obligation is owed to the Theodore A. Gemza trust in which the defendant is a beneficiary. The plaintiff refused to sign the new note which was in the amount of $77,000. The defendant's father testified this amount included the debt, accrued interest and mortgage payments up to date.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship as both parties must share the fault. The court has carefully considered the statutory criteria and enters the following orders.
REAL ESTATE
The plaintiff shall convey to the defendant by quitclaim deed all his right, title and interests in and to the real estate located at 16 Appleblossom Lane, Newtown, Connecticut. The defendant shall be responsible for all mortgages, taxes, and other costs relating to the real estate and shall indemnify and hold the plaintiff harmless therefrom.
No useful purpose would be served by a sale of the marital home in view of the small amount of equity that would be available for division. The court determines that the real estate has a fair market value of approximately $190,000 (taking the average of the parties' figures) and mortgages in the approximate amount of $168,000.
OTHER PROPERTY
1. The defendant wife shall retain:
a) her stock portfolio listed at $10,000; CT Page 4832
 b) her interest in the commercial real estate located at Miry Brook, Danbury, valued at $80,000
c) her pending personal injury suit; and
d) her motor vehicle.
1. The plaintiff husband shall retain:
a) his pension valued at approximately $22,111;
 b) all the right, title and interest in his screen play presently called "A Law Doctor";
c) his motor vehicle;
 d) the two shares of stock in the Rock Ridge Country Club; and
e) his books and family photographs.
3. Household furniture and furnishings.
The parties shall equally divide the furniture and furnishings as they shall agree. If the parties are unable to agree, they are referred to Family Services for mediation. If mediation is unsuccessful, they shall return to court for a further hearing and orders thereon.
ALIMONY
1. The plaintiff shall pay to the defendant as periodic alimony the sum of $800 per month commencing forthwith.
2. Said payments shall continue until the death of either of the parties, the defendant's remarriage or cohabitation or five years from date whichever event shall first occur.
3. The term of alimony to be paid shall not be modifiable pursuant to Conn. Gen. Stat. § 46b-86a, as amended, by the wife, under any circumstances.
DEBTS
CT Page 4833
1. The plaintiff husband shall be responsible for the following debts and shall hold the defendant wife harmless therefore:
a) the Rock Ridge Country Club debt of $1700;
b) the Barney's bill;
 c) all amounts due the IRS including any interest and penalties arising out of the joint tax returns filed by the parties;
d) the Mobil gas bill; and
e) the People's Bank bill.
2. The plaintiff husband shall reimburse the wife the sum of $3350 representing his share of joint debts which the defendant has paid or assumed. This sum includes the following debts: a Visa bill, a Talbot's bill, a Macy's bill and a University of Bridgeport bill.
3. Both parties are jointly responsible for at least the sum of $55,000 which was advanced to the parties by the defendant's father and evidenced by the promissory note signed by the parties.
The plaintiff shall be responsible for one-half of the indebtedness owed by the parties to the defendant's father, less a credit of $11,000 representing his one-half share of the equity in the marital home transferred to the wife. There was no written documentation to verify the plaintiff's claim that the interest payments were current as of July 1995. The plaintiff shall be given credit for any interest payments made in accordance with the terms of the note dated July 1, 1991 provided the appropriate documentation is provided by the plaintiff.
LIFE INSURANCE
The plaintiff shall maintain his existing life insurance as is available through his employment, in the amount of $100,000 with the defendant named as irrevocable beneficiary thereon for so long as the plaintiff has an obligation for alimony. This provision shall be modifiable. CT Page 4834
COUNSEL FEES
Each party shall be responsible for their respective attorney's fees.
Coppeto, J.